24-1575-cv
*La Rosa v. Abbott Laboratories*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand twenty-five.

PRESENT:
      RICHARD C. WESLEY,
      JOSEPH F. BIANCO,
      WILLIAM J. NARDINI,
          *Circuit Judges.*

_____

NATALIA LA ROSA, KEYA JOHNIGAN, PHOEBE CANEDA, on behalf of themselves and all others similarly situated, BRIANNA MCKAY, EMILY DEPOL, AMIE ADAIR, PRUSHTI DAVE, ARLENE BERGUM, STEPHANIE MORALES, CATHERINE TIPLING, NICHELLE WHITE,

          *Plaintiffs-Appellants*,

      v.                                  24-1575-cv

SPD SWISS PRECISION DIAGNOSTICS GMBH, CHURCH & DWIGHT CO., INC., TARGET CORPORATION, WALGREEN CO., CVS PHARMACY, INC., WALMART, INC.,

          *Defendants-Appellees.*[*]

_____

[*] The Clerk of the Court is respectfully directed to amend the caption on this Court's docket to be consistent with the caption on this order.

| | |
|---|---|
| FOR PLAINTIFFS-APPELLANTS: | MARK A. FINKELSTEIN, Umberg Zipser LLP, Irvine, California (Molly Magnuson, Umberg Zipser LLP, Irvine, California; Peter A. Binkow, Natalie S. Pang, and Daniella Quitt, Glancy Prongay & Murray LLP, Los Angeles, California, New York, New York, *on the brief*). |
| FOR DEFENDANTS-APPELLEES: | NORMAN C. SIMON (Eileen M. Patt, *on the brief*), Kramer Levin Naftalis & Frankel LLP, New York, New York, *for* SPD Swiss Precision Diagnostics GmbH. |
| | Baldassare Vinti and Qian Jennifer Yang, Proskauer Rose LLP, New York, New York, *for* Church & Dwight Co., Inc. |
| | Evan M. Mandel, Mandel Bhandari LLP, New York, New York, *for* Target Corporation and CVS Pharmacy, Inc. |
| | Livia M. Kiser and Kristen Renee Fournier, King & Spalding LLP, Chicago, Illinois, New York, New York, *for* Walmart, Inc. |
| | Charles Hyun, Reed Smith LLP, New York, New York, *for* Walgreen Co. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ramón E. Reyes, Jr., *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on May 9, 2024, is **AFFIRMED**.

Plaintiffs-Appellants are eleven women[1] who appeal from the district court's judgment dismissing their claims brought against Defendants-Appellees[2] for violating New York General

---

[1] Plaintiffs identify La Rosa, Caneda, and Tipling as the "New York Plaintiffs," while they identify Dave, Bergum, DePol, Johnigan, McKay, Adair, Morales, and White as the "California Plaintiffs."

[2] Defendants are SPD Swiss Precision Diagnostics GmbH, Church & Dwight Co., Inc., Target Corporation,

Business Law ("GBL"), N.Y. Gen. Bus. Law §§ 349–50; California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*; California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*; California False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*; as well as for New York common law unjust enrichment. Plaintiffs, purchasers of various at-home ovulation test kits sold by Defendants, allege that Defendants deceitfully mislabeled their products as ovulation kits that are "99% Accurate" at testing for early ovulation, when in fact, the products do not test for actual ovulation, but detect a surge in a woman's luteinizing hormone ("LH"), which typically precedes ovulation. The district court dismissed Plaintiffs' claims, pursuant to Federal Rule of Civil Procedure 12(b)(6), holding that Plaintiffs had failed to plausibly allege that a reasonable consumer of Defendants' products would be deceived. *See generally La Rosa v. Abbott Lab'ys*, No. 22-CV-5435 (RER) (JRC), 2024 WL 2022297 (E.D.N.Y. May 7, 2024). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

We review the dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) *de novo*, "accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Gelboim v. Bank of Am. Corp.*, 823 F.3d 759, 769 (2d Cir. 2016). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

---

Walgreen Co., CVS Pharmacy, Inc., and Walmart, Inc.

## I. Plaintiffs' Consumer Protection Claims

Section 349 of the GBL prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce." N.Y. Gen. Bus. Law § 349. Relatedly, Section 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce." *Id.* § 350. To successfully assert a claim under either of these sections, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 941 (2012). With respect to the "materially misleading" element, we have explained that, in order to survive a motion to dismiss, "a plaintiff must plausibly allege that the deceptive conduct was likely to mislead a reasonable consumer acting reasonably under the circumstances." *Mantikas v. Kellogg Co.*, 910 F.3d 633, 636 (2d Cir. 2018) (internal quotation marks and citation omitted). Because "context can be crucial in determining whether a reasonable consumer would have been misled or deceived as 'under certain circumstances, the presence of a disclaimer or similar clarifying language may defeat a claim of deception.'" *Foster v. Whole Foods Mkt. Grp., Inc.*, No. 23-285-cv, 2023 WL 8520270, at *2 (2d Cir. Dec. 8, 2023) (summary order) (quoting *Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013)). Moreover, although consumer deception is a factual issue that often must be resolved by a jury, "[i]t is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Fink*, 714 F.3d at 741.

Similar to claims brought under New York's consumer protection laws, "claims [brought] under the UCL, FAL, and CLRA are governed by the 'reasonable consumer' standard." *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1097 (9th Cir. 2023) (citation omitted). That standard "requires more than a mere possibility that the label might conceivably be misunderstood by some

4

few consumers viewing it in an unreasonable manner . . . . [It] requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.* (internal quotation marks and citation omitted).

Due to the similarities between New York's and California's statutes, consumer protection "claims [brought] under New York and California law are governed by substantially the same reasonable consumer test." *Baines v. Nature's Bounty (NY), Inc.*, No. 23-710-CV, 2023 WL 8538172, at *2 (2d Cir. Dec. 11, 2023) (summary order) (citing *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015), and *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)); *see also Mantikas*, 910 F.3d at 636–37 (analyzing New York and California consumer protection claims interchangeably under Ninth Circuit case law). Accordingly, for purposes of reviewing the instant case, we will analyze Plaintiffs' New York and California statutory claims in tandem.

On appeal, Plaintiffs present several arguments pertaining to their theory that "Defendants' representations about the accuracy of the [k]its" as 99% accurate at testing for ovulation, "the references to the products as 'ovulation tests,' and other accompanying statements and images on the packaging are misleading" because Defendants' kits do not test for ovulation, but only for surges in an individual's LH levels. Appellants' Br. at 18. On *de novo* review of the allegations in the third amended complaint, we conclude that Plaintiffs have failed to plausibly allege that the labeling used on Defendants' products was likely to mislead a reasonable consumer, and thus, the district court properly dismissed the claims under the New York and California consumer protection laws.

As a threshold matter, to the extent Plaintiffs suggest that "the sides and backs of the packaging of Defendants' products [are] irrelevant to the District Court's inquiry of whether the front packaging was deceptive," *id*. at 20, we disagree. As noted above, our precedent is clear that,

5

because "context is crucial" in "determining whether a reasonable consumer would have been misled by a particular advertisement," we "consider the challenged advertisement as a whole, including disclaimers and qualifying language." *Mantikas*, 910 F.3d at 636.  To be sure, in *Mantikas*, we also noted that "[r]easonable consumers should not be expected to look beyond misleading representations on the front of the box to discover the truth." *Id.* at 637 (alteration adopted).  However, we will consider the full context of an advertisement so long as the front-label statements are not "affirmatively inaccurate," as was the case in *Mantikas*. *Foster*, 2023 WL 8520270, at *2; *see also Hardy v. Olé Mexican Foods, Inc.*, No. 22-1805-cv, 2023 WL 3577867, at *3 (2d Cir. May 22, 2023) (summary order) (emphasizing that "[e]ven if *Mantikas*'s reasoning applied to some place-of-origin advertising, . . . its 'front-of-the-package' rule does not apply here, where the front-side packaging makes no express representations as to the origin of the [products at issue], while the back of the packaging unambiguously notes where the products were 'made' and 'manufactured'").

Here, there is nothing affirmatively inaccurate on the front label of the Defendants' products that states the at-home tests detect for actual ovulation.  Moreover, we disagree with Plaintiffs' contention that "[n]owhere on the backs and sides of Defendants' packaging does it state that the products 'test for LH, not ovulation itself.'"  Appellants' Br. at 20; *see also Baines*, No. 23-710-CV, 2023 WL 8538172, at *3.  Indeed, the additional paneling found on Defendants' kits are clear that their products detect surges in the LH hormone, a strong predictor of ovulation, not ovulation itself.

For example, the side panels of SPD's Clearblue kits state that the product "detects a hormonal surge (LH) in your urine, which occurs prior to ovulation." App'x at 109.  Similarly, the side panels of the First Response kits explain that the product "Test[s] For LH Surge" and

6

references "LH Surge" numerous times. *Id*. at 113.  The First Response kits even display a graph of the LH Surge that is labeled as such.  Moreover, the Clearblue and First Response "99% Accurate" claims on the label are accompanied by an asterisk or a similar symbol directing consumers to a side panel disclosure explaining that the Products are 99% accurate at "detecting the LH surge." *Id*. at 109, 112.  The Clearblue front label further includes a message to "See side of pack," which contains that disclosure.  *Id*. at 109.

Similarly, the front label of the Target kit states that the kit detects an "LH Surge" or "No LH Surge," and the side label explains that the "early ovulation test detects the increase in luteinizing hormone ('LH surge') in urine, which usually occurs in women 24-48 hours before ovulation, the days when you are most able to become pregnant." *Id*. at 115–16.  Each of the remaining Defendants' products identified by Plaintiffs includes similar clarifying language, descriptions, or instructions on either the side or back label of its packaging.  *See Montgomery v. Stanley Black & Decker, Inc.*, No. 23-735-cv, 2024 WL 939151, at *2 (2d Cir. Mar. 5, 2024) (summary order) (explaining that an asterisk accompanying a label statement that directs a consumer to a disclaimer that is in "fine print may clarify an ambiguous label on packaging" (citing, *inter alia*, *Mantikas*, 910 F.3d at 636)).  In short, the representations on Defendants' products, read together, make it implausible that a reasonable consumer would be misled to believe that the kits accurately predict ovulation with 99% accuracy.

Plaintiffs argue that the district court "erroneously applied a heightened reasonable consumer standard," in stating that "Defendants' Kits are a specialty item targeted to an informed class of consumers and, as such, reasonable consumers of the Kits are undoubtedly more likely to exhibit a higher standard of care."  Appellants' Br. at 21 (internal quotation marks, citations, and certain capitalization omitted).  In particular, Plaintiffs contend that the district court improperly

7

relied upon and expanded the Ninth Circuit's ruling in *Moore v. Trader Joe's Co.*, 4 F.4th 874 (9th Cir. 2021), to support this higher standard. But we need not address whether the district court misapplied *Moore* because we do not rely on that portion of the district court's analysis and conclude on *de novo* review that the third amended complaint did not plausibly allege that Defendants' labels, when read as a whole, are false or misleading to any reasonable consumer.[3] We therefore hold that the district court properly dismissed Plaintiffs' claims under New York's and California's consumer protection statutes.[4]

## II.  Unjust Enrichment

Plaintiffs also argue that the district court improperly dismissed the New York Plaintiffs' common law claim for unjust enrichment as duplicative of the New York Plaintiffs' GBL claims. To state a claim for unjust enrichment, a plaintiff "must allege that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." *McCracken v. Verisma Sys., Inc.*, 91 F.4th 600, 608 (2d Cir. 2024). As relevant here, New York law bars unjust enrichment claims from serving as "a catchall cause of action to be used when others fail." *Id*. (quoting *Corsello v. Verizon N.Y.,*

---

[3] Plaintiffs also contend that the district court erred in its "reasonable consumer" analysis by considering the Federal Drug Administration ("FDA") statement that "at-home ovulation urine tests measure LH to detect ovulation" in determining that "it is impossible to test for actual ovulation." *La Rosa*, 2024 WL 2022297, at *6; *see* Appellants' Br. at 22–23. As a threshold matter, we do not believe the district court was suggesting a reasonable consumer is expected to conduct independent research about the product, such as the FDA website, but rather made a passing reference to the FDA statement only to highlight the implausibility of the Plaintiffs' interpretation of the labels on Defendants' products. In any event, as noted above, we conclude, without any consideration of the FDA statement, that a reasonable consumer, who conducted no research and did not exhibit any heightened degree of care in choosing Defendants' products, would still not be misled when reading the statements on the labels of Defendants' products as a whole.

[4] Defendants, in their brief, present three additional grounds for dismissal of Plaintiffs' New York and California consumer protection claims, including, *inter alia*, that (1) Plaintiffs failed to allege materiality or reliance, (2) Plaintiffs failed to allege a cognizable injury, and (3) Plaintiffs failed to allege the particular kits they purchased. Appellees' Br. at 43–50, 54–57. Because we find that the district court properly dismissed Plaintiffs' consumer protection claims under the reasonable consumer standard, we need not address these alternative arguments for dismissal.

8

*Inc.*, 18 N.Y.3d 777, 790 (2012)).

Plaintiffs suggest that the unjust enrichment claim is not duplicative of the GBL claims because "the claims require different proof and seek different remedies." Appellants' Br. at 46. However, we need not address this issue because the New York Plaintiffs' unjust enrichment claim fails for an independent reason. *See Jusino v. Fed'n of Cath. Tchrs., Inc.*, 54 F.4th 95, 100 (2d Cir. 2022) ("We may affirm on any ground with support in the record, including grounds upon which the district court did not rely." (internal quotation marks and citations omitted)). Here, even assuming *arguendo* the claims are not duplicative, Plaintiffs have failed to plausibly allege any conduct that could demonstrate that Defendants retained any unjust benefit from Plaintiffs. *See Indyk v. Habib Bank Ltd.*, 694 F.2d 54, 57 (2d Cir. 1982) (explaining that "[t]o offset on a theory of unjust enrichment . . . as between the two parties to the transaction[,] the enrichment must be unjust"). In other words, the third amended complaint's theory of unjust enrichment is premised on the alleged deceptive practices in the advertising of the Defendants' products. Having concluded that the advertising at issue is not deceptive as a matter of law, and having found no other theory in the complaint explaining why any benefits to Defendants would be unjust, the unjust enrichment claim similarly fails. *See Corsello*, 18 N.Y.3d at 790–91 ("[I]f plaintiffs' other claims are defective, an unjust enrichment claim cannot remedy the defects."). Therefore, we affirm the district court's dismissal of the New York Plaintiffs' unjust enrichment claim.

### III. Leave to Amend

Finally, Plaintiffs challenge the district court's denial of their request to amend their complaint for a fourth time in the event that Defendants' motion to dismiss was granted. Federal Rule of Civil Procedure 15(a) provides that after a party amends its complaint once as a matter of course, it "may amend its pleading [on subsequent occasions] only with the opposing party's

9

written consent or the court's leave.  The court should freely give leave when justice so requires." However, a court may deny a plaintiff's request to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Miller v. United States ex rel. Miller*, 110 F.4th 533, 550 (2d Cir. 2024).  A request to amend is futile if it "would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6)." *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 224–25 (2d Cir. 2017) (internal quotation marks and citation omitted).  "We review a district court's denial of leave to amend for abuse of discretion, unless the denial was based on an interpretation of law, such as futility, in which case we review the legal conclusion *de novo*." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

The district court did not err in denying Plaintiffs an additional opportunity to amend their complaint.  To date, Plaintiffs have amended their complaint three times.  In opposing Defendants' motion to dismiss, Plaintiffs then requested leave to amend again without specifying what allegations they could add or how amendment would cure any deficiencies—only stating that leave to amend is warranted again because their past "amendments were necessitated by procedural issues," not substantive deficiencies.  App'x at 171.  On appeal, Plaintiffs have failed to articulate any additional allegations that could cure the substantive defects in the third amended complaint.  Therefore, we affirm the district court's decision to deny Plaintiffs a further opportunity to amend. *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (affirming a district court's denial of leave to amend where plaintiff failed "to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies in [their] complaint").

10

\*       \*       \*

We have considered the remaining arguments on appeal and conclude that they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

      FOR THE COURT:
      Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

11